J-A33001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE O'BRIEN AULTMAN, JR. | |
| Appellant | No. 2214 EDA 2013 |

Appeal from the Order July 17, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000910-2009

BEFORE: LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:                **FILED NOVEMBER 25, 2014**

Wayne O'Brien Aultman, Jr. appeals from the order of the Court of Common Pleas of Delaware County denying his petition for credit for time served on a parole violation following a sentence of 372 days of back time. The Commonwealth has filed a motion to dismiss for mootness and suspend oral argument. For the reasons set forth below, we grant the Commonwealth's motion and dismiss the appeal.

Following violation of parole, and as part of a plea agreement that the trial court accepted, the court sentenced Aultman on December 20, 2011 to back time of 372 days. The court also sentenced him to a term of one year less one day, to two years less one day, on another case in which Aultman

_____

[*] Retired Senior Judge assigned to the Superior Court.

was in violation of his probation. The court imposed those sentences to run concurrent to one another and consecutive to the sentence imposed on two new arrests and two parole violations, at Nos. 5032 and 6049 of 2011. Aultman did not file post-sentence motions, nor did he appeal that sentence.

On August 10, 2012, Aultman filed a petition for credit for time served. On July 16, 2013, a hearing was held before the Honorable George A. Pagano. On July 17, 2013, the court denied the petition as moot.

It is not disputed that Aultman maxed out on all of his sentences on July 24, 2013. Although he is no longer incarcerated, and despite the fact that the Commonwealth and defense counsel agreed to the 372 days of back time, Aultman is challenging on appeal the procedure used to determine those 372 days of back time. As noted, that issue was not raised in a post-sentence motion or on direct appeal. Furthermore, the Honorable Patricia Jenkins colloquied Aultman about the credit for his back time and he agreed with her that the correct back time was 372 days. **See** N.T. Hearing, 12/20/11, at 16. Even if there had been a mistake, what Aultman requests now is that we create a "bank" where additional time might be kept in case he needs it later. That we do not do.

Because we find this appeal is moot, and does not fall within any of the three exceptions to the mootness doctrine, we are constrained to dismiss the appeal. **See Commonwealth v. Nava**, 960 A.2d 630, 632-33 (Pa. Super. 2009) (issue is moot when "determination is sought on a matter which, when rendered, cannot have any practical effect on the existing

- 2 -

controversy."); ***see also In re D.A.***, 801 A.2d 614, 616 (Pa. Super. 2002) (en banc) (this Court will decide questions that otherwise have been rendered moot when one or more of following exceptions to mootness doctrine apply: 1) case involves question of great public importance, 2) question presented is capable of repetition and apt to elude appellate review, or 3) party to controversy will suffer some detriment due to decision of trial court).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014